UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CURTIS BUTLER,

           Plaintiff,

vs.                                          Case No.  3:11-cv-110-J-MCR

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**

**I.**    **PROCEDURAL HISTORY**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on May 22, 2009, alleging a period of disability beginning October 31, 2008.  (Tr. 10, 92-95).  The Social Security Administration denied this application initially and on reconsideration.  (Tr. 10, 47-53).  Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ") on August 27, 2010.  (Tr. 23-41).  On September 22, 2010, the ALJ issued a decision finding Plaintiff was not disabled.  (Tr. 7-22).  The Appeals Council denied Plaintiff's request for review on December 3, 2010 (Tr. 1-5), rendering

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 11).

the ALJ's decision final. 20 C.F.R. § 404.981. Plaintiff timely filed his Complaint in the U.S. District Court for review of the Commissioner's decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Summary of Evidence Before the ALJ

Plaintiff was fifty-one years old at the time of his alleged onset date (Tr. 17). Plaintiff has a limited 10th grade education and past relevant work experience as a heavy equipment operator, dump truck driver, and pipefitter (Tr. 40, 173). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

Plaintiff began experiencing back pain in 2001 due to a work related injury (Tr. 208, 227). In 2002, Plaintiff had a lumbar fusion performed on his back (Tr. 193, 218). On January 21, 2003, orthopaedic surgeon Dr. Michael S. Scharf, M.D. indicated that Plaintiff had reached maximum medical improvement and opined he was capable of performing "sedentary work" (Tr. 178, 175).

On February 6, 2007, Plaintiff presented at the Baptist Medical Center emergency room complaining of neck pain associated with movement (Tr. 272). Additionally, Plaintiff claimed to be suffering from left shoulder pain with numbness/tingling to the left hand along with headache pain (Tr. 106-111, 115-116, 254, 260).

In 2008, Plaintiff presented at Shands Jacksonville with sharp and stabbing pain down the middle of his back and radiation to his right side. Plaintiff's pain medications kept his discomfort "somewhat control[ed]" (Tr. 317). Plaintiff was diagnosed with the

following conditions: (1) failed back syndrome; (2) axial low back pain; (3) possible gout, right big toe (Tr. 318, 319); (4) internal hemorrhoids (Tr. 332); (5) thrombophlebitis of the saphenous vein, varicose veins (Tr. 336, 345); (6) obesity (Tr. 336); (7) carpal tunnel syndrome (Tr. 336); (8) shoulder pain (Tr. 338); and (9) anxiety (Tr. 318, 336).

Further treatment records from Shands Jacksonville dated September 23, 2009 through August 17, 2010, stated that Plaintiff refused epidural steroid injections because his pain was "pretty well controlled" as long as he takes his pain medication (Tr. 322). An August 11, 2010 progress note described Plaintiff as standing 5'7" and weighing 225 pounds, which equates to a Body Mass Index ("BMI") of 35.40[2] (Tr. 322, 345).

On July 14, 2009, examining physician Dr. Susan Yandle opined that Plaintiff suffered marked limitations in walking and standing for extended periods of time. (Tr. 232-38). Dr. Yandle further stated that Plaintiff's neurological exam showed no motor or sensory deficits (Tr. 234), and that he had a normal gait, could walk on his heels, and did not require an assistive device to ambulate (Tr. 233). Additionally, state agency physician Dr. Cristina Rodriguez reviewed the medical evidence and opined Plaintiff was capable of performing light work with standing and/or walking about six hours in an eight hour day. (Tr. 291-98). With respect to mental impairments, state agency psychiatrist Dr. Gildegardo Alidon opined that Plaintiff did not have any "severe" mental impairments (Tr. 299-311).

---

[2] "BMI is the ratio of an individual's weight in kilograms to the square of his ... height in meters (kg/m2)." SSR 02-1p. A BMI of 35.4 is considered to be in the severely obese weight range.

### B.  Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. § 404.1520. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 31, 2008, the alleged onset date. (Tr. 12). At step two, the ALJ found Plaintiff suffered from the following severe impairments:

degenerative disc disease and a history of lumbar fusion. (Tr. 12-13). At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of Regulation No. 4. (Tr. 13). At step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC")[3] to perform a full range of light work.[4] (Tr. 13-17). In reaching Plaintiff's RFC, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting factors of his alleged symptoms not completely credible. (Tr. 16).

The ALJ found Plaintiff was unable to perform his past relevant work. (Tr. 17). Then, the ALJ used Medical-Vocational Rule 202.21 to find Plaintiff was capable of performing other work in the national economy. (Tr. 17-18). Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 18).

---

[3] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations. 20 C.F.R. §§ 404.1545, 416.945. The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. Id.

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

**III.     ANALYSIS**

    **A.     The Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**B.     Issues on Appeal**

Plaintiff presents four issues on appeal: (1) whether the ALJ properly considered Plaintiff's obesity (Doc. 18, pp. 9-12); (2) whether the ALJ adequately evaluated the medical opinions of record (id. at pp. 12-13); (3) whether the ALJ properly relied on the Medical-Vocational Guidelines to determine Plaintiff could perform other work (id. at pp. 13-14); and (4) whether the ALJ's credibility analysis is consistent with the evidence of record (id. at pp. 14-20).  The Court will consider each of these issues.

**1.     Whether the ALJ properly considered Plaintiff's obesity.**

Plaintiff contends that the ALJ should have found his obesity constituted a "severe'" impairment at step two of the sequential evaluation process, 20 C.F.R. §§ 404.1520(a)(4)(ii), (C).  (Doc. 18, pp.11-12).  The Court disagrees.

Plaintiff bears the initial burden of demonstrating that his impairments are "severe."  See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  An impairment or combination of impairments is not "severe" if it does not significantly limit an individual's ability to do basic work activities.  See 20 C.F.R. § 404.1521(a); SSR 85-28 ("The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities....").  Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b).  Similarly, an impairment is not "severe" if it is a slight abnormality which would have no more than a minimal effect on Plaintiff's abilities to perform basic work activities.  See SSR 85-28.

Here, in support of his contention that obesity significantly limited his ability to perform basic work activities, Plaintiff relies on a single medical record dated June 24, 2010. See (Doc. 18, pp. 9-12). In said medical record, Plaintiff is documented to weigh 226 pounds, which equates to a BMI of 35.40. (Tr. 337). This single piece of evidence does not support a conclusion that Plaintiff's weight significantly limited his ability to perform basic work activities. Indeed, a neurological exam conducted that same day evidenced that Plaintiff denied any weakness or numbness and ambulated with normal gait and station. (Tr. 36-37).

Additionally, a mere diagnosis of obesity is insufficient to prove a "severe" impairment; it is the functional limitations that may result from the impairments, not the impairments themselves, which may affect a plaintiff's ability to work. See Johns v. Bowen, 821 F.2d 551, 555 (11th Cir. 1987) (a mere diagnosis says nothing about the severity of the impairment); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986) ("the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality"); 20 C.F.R. § 404.1545(a); SSR 96-8p, 61 Fed. Reg. 34474, 34475-76 (1996). Here, Plaintiff failed to demonstrate that he suffers functional limitations as a result of his obesity.

Plaintiff further argues that the ALJ erred in failing to discuss his obesity as required by SSR 02-1p. (Doc. 18, pp. 10-11). According to SSR 02-1p, obesity is considered a medically determinable impairment and its effect must be considered

when evaluating disability. Here, the ALJ properly evaluated the evidence of record and specifically elicited Plaintiff's testimony regarding his weight. See (Tr. 10, 15, 27); see also Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (there is no requirement that the ALJ specifically refer to every piece of evidence in his decision as long as the ALJ properly considered Plaintiff's medical condition as a whole). Additionally, the ALJ evaluated state agency physician Dr. Rodriguez's opinion that Plaintiff was capable of performing light work in spite of his weight. (Tr. 281, 291-98).

Moreover, the ALJ's decision demonstrates that he properly considered the combined effect of Plaintiff's impairments, including obesity. See (Tr. 11, 13); see also Wilson v. Barnhart, 284 F.3d 1219, 1224-1225 (11th Cir. 2002) ("the ALJ specifically stated that 'the medical evidence establishes that [Wilson] had [several injuries] which constitute a 'severe impairment', but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.' The ALJ's determination constitutes evidence that he considered the combined effects of Wilson's impairments."); Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986) ("The ALJ states in his decision that 'based upon a thorough consideration of all evidence, the ALJ concludes that appellant is not suffering from any impairment, or a combination of impairments of sufficient severity to prevent him from engaging in any substantial gainful activity for a period of at least twelve continuous months.' It is clear the ALJ considered the combination issue."). Thus, the Court finds

the ALJ adequately considered Plaintiff's obesity in making his determination at step two of the sequential evaluation process.[5]

### 2. Whether the ALJ adequately evaluated the medical opinions of record.

Plaintiff contends that the ALJ improperly evaluated the medical opinions of record. (Doc. 18, pp. 12-13). The Court disagrees.

The ALJ must consider the totality of the evidence in arriving at a conclusion on the ultimate question of disability. See 20 C.F.R. § 404.1527(b), (c), (d)(4). A physician's opinion should be given significant weight only if it is well-supported by clinical and laboratory findings, is not internally inconsistent, and is consistent with other evidence. See 20 C.F.R. § 404.1527(a), (b), (c)(2), (d)(3)-(4). The supportability of a physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. See 20 C.F.R. § 404.1527(a), (d)(3).

Plaintiff contends that the ALJ acted inconsistently by according significant weight to the opinion of examining physician Dr. Yandle, but not accepting all of the physical limitations she assessed. (Doc. 18, p. 12). Specifically, Dr. Yandle opined that Plaintiff suffered from marked limitations in walking and standing for extended periods of time (Tr. 232-38). However, Dr. Yandle also found Plaintiff had full range of motion of his hips, knees, and ankles bilaterally, had full 5/5 strength in his lower extremities, had

---

[5] "Even if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [Plaintiff] had a severe impairment and that finding is all that step two requires." Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 824-25 (11th Cir. 2010).

stable and nontender joints, and had no muscle atrophy (Tr. 234). Dr. Yandle further stated that Plaintiff's neurological exam showed no motor or sensory deficits (Tr. 234), and that he had a normal gait, could walk on his heels, and did not require an assistive device to ambulate (Tr. 233). Therefore, the ALJ properly stated that these findings are inconsistent with, and do not support, Dr. Yandle's opinion that Plaintiff suffered from marked limitations in walking and standing for extended periods of time. See 20 C.F.R. § 404.1527(a), (b), (c)(2), (d)(3)-(4).

Additionally, the Court finds Dr. Yandle's opinion that Plaintiff suffered from marked limitations in walking and standing is inconsistent with the other medical evidence of record. For example, state agency physician Dr. Rodriguez's opined that Plaintiff was capable of performing light work with standing and/or walking about six hours in an eight hour day (Tr. 292). (Tr. 15, 17); see 20 C.F.R. § 404.1527(f)(2)(i) (state agency physicians are highly qualified physicians who are also experts in Social Security disability evaluation); SSR 96-6p (state agency physicians are experts in disability claims and are to be accorded proper weight). Additionally, treatment records dated September 23, 2009 through August 17, 2010, evidenced that Plaintiff refused epidural steroid injections because his pain is "pretty well controlled" as long as he takes his pain medication (Tr. 322).

The ALJ accorded Dr. Yandle's opinion significant weight; however, he did not accord it controlling or absolute weight. Although the ALJ did not accept Dr. Yandle's opinion regarding Plaintiff's ability to stand/walk, the record as a whole shows the ALJ

properly evaluated the medical opinions of record to determine Plaintiff's RFC.[6]  Thus, the ALJ acted properly when accepting portions of the medical opinions and declining to accept other portions.

### 3. Whether the ALJ properly relied on the Medical-Vocational Guidelines to determine Plaintiff could perform other work.

Plaintiff contends that the ALJ erred in relying upon the Medical-Vocational Guidelines (the "grids") to determine the existence of work in the national economy that Plaintiff could perform, instead of employing a vocational expert for such a determination. (Doc. 18, pp. 13-14).  The Court disagrees.

An ALJ may rely on the grids, and VE testimony is not required, if a claimant can perform the full range of work at a particular exertional level given his exertional and nonexertional limitations.  See Phillips v. Barnhart, 357 F.3d 1232, 1242-1243 (11th Cir. 2004).[7]  Plaintiff alleges that "his failed back syndrome and extremity swelling resulting in marked standing and walking limitations, obesity, prescription side effects (drowsiness) and anxiety have combined so as to have significantly eroded his capacity

---

[6]An RFC assessment "is the adjudicator's ultimate finding of 'what you can still do despite your limitations.'"  20 C.F.R. § 404.1545.  The ALJ's RFC assessment is "based upon all of the relevant evidence." 20 C.F.R. § 404.1545(a). The ALJ's RFC determination is not something that is determined by an examining physician of record based solely on the medical evidence. Rather, it is a factual finding made by the ALJ that is based upon the entire record.  "Although [the Commissioner] consider[s] opinions from medical sources on issues such as ... [the claimant's] residual functional capacity ..., the final responsibility for deciding these issues is reserved for the Commissioner." 20 C.F.R. § 404.1527(e).

[7]Exertional limitations affect an individual's ability to meet the seven strength demands of the job: sitting, standing, walking, lifting, carrying, pushing, and pulling. See Phillips, 357 F.3d at 1242, n. 11; see also 20 C.F.R. § 404.1569a. Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands. Id.

to perform and sustain the light working activities ascribed to him by the ALJ." (Doc. 18, pp. 13-14).  However, simply because Plaintiff alleges certain limitations, or has an impairment that could cause certain limitations, does not automatically mean he experienced those limitations.  As discussed above, Plaintiff's obesity does not prevent the performance of light work.  Additionally, the record does not show that Plaintiff ever complained of drowsiness as a medication side-effect (Tr. 16).  Furthermore, with respect to Plaintiff's alleged anxiety, state agency psychiatrist Dr. Alidon opined that Plaintiff did not suffer from any "severe" mental impairments[8], and Plaintiff himself testified that he didn't take his anxiety medication that much.  (Tr. 12-17, 38-39, 299-311).

Therefore, the Court finds the ALJ properly relied on the grids because Plaintiff did not show any exertional or nonexertional limitations that significantly limit his ability to perform basic work activities.  The burden then fell back on Plaintiff to show he could not perform jobs that existed in the national economy.  See Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  However, Plaintiff failed to carry his burden of producing evidence showing he was disabled.  See Ellison v. Barnhart, 355 F.3d at 1276; 42 U.S.C. §423(d)(5); 20 C.F.R. §§ 404.1512(a), (c); 404.1513(e); 404.1516.  Thus, the ALJ properly relied on the Grids to determine Plaintiff could perform other work that exists in the national economy.

---

[8]A finding which Plaintiff does not challenge.

### 4. Whether the ALJ's credibility analysis is consistent with the evidence of record.

Plaintiff's contends the ALJ failed to properly consider Plaintiff's subjective complaints of pain. (Doc. 18, pp. 14-20). The Court disagrees.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).[9] "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs

---

[9]"Medical history and objective medical evidence such as evidence of muscle atrophy, reduced joint motion, muscle spasm, sensory and motor disruption, are usually reliable indicators from which to draw reasonable conclusion about the intensity and persistence of pain and the effect such pain may have on the individual's work capacity." SSR 88-13.

and laboratory findings in deciding the issue of disability." Foote, 67 F.3d at 1561.[10] Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. Foote, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." Id. at 1561-62. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Id. at 1562. The failure of the ALJ to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. Id. The lack of a sufficiently explicit credibility finding may give grounds for a

---

[10] Social Security Ruling 96-7p, provides:

2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

remand if the credibility is critical to the outcome of the case.  Id.  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote, 67 F.3d at 1562 (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court)).  Thus, where credibility is a determinative factor, the ALJ must explicitly discredit the testimony or the implication must be so clear as to amount to a specific credibility finding.  Foote, 67 F.3d at 1561; 20 C.F.R. § 404.1529.

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce his alleged symptoms.  (Tr. 16).  Thus, the ALJ found that Plaintiff's impairments satisfied the pain standard.  Holt, 921 F.2d at 1223.  The ALJ also determined that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were inconsistent with the evidence of record and could not be fully credited to the extent they conflicted with the ALJ's RFC finding.  (Tr. 16).  Thus, the ALJ made a specific credibility finding that Plaintiff's subjective statements were not entirely credible.  Foote, 67 F.3d at 1561.  The issue for the Court to determine is whether the ALJ's credibility finding is supported by substantial evidence.

In determining credibility, the ALJ "must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining

physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7p. In the instant case, the Court finds the objective medical evidence and medical opinions of record provide substantial evidence to support the ALJ's credibility finding. See 20 C.F.R. § 404.1529(c).

Here, the ALJ found that Plaintiff was not fully credible for several reasons, including the lack of medical evidence supporting his claimed disability, his receipt of unemployment benefits, and his choice to pursue conservative treatment. With regard to Plaintiff's conservative treatment, Plaintiff refused pain relief injections[11] and he testified that his pain was adequately controlled by taking medications. (Tr. 15-16, 34-35). Additionally, Plaintiff's allegations of total disability are inconsistent with his receipt of unemployment benefits where he held himself out as being able to work.[12] (Tr. 16, 31-32); see 20 C.F.R. § 404.1529(c)(4) (conflicts between Plaintiff's statements and the rest of the evidence may be considered in evaluating the extent to which the symptoms are of a disabling severity); SSR 96-7p (the inconsistency of Plaintiff's own statements with information contained in the record bears upon his credibility).

---

[11] Plaintiff alleges that the ALJ erred by discussing Plaintiff's refusal to receive pain injections. (Doc. 18, pp. 15-16). However, evidence of conservative treatment is a proper topic for the ALJ to discuss when evaluating credibility. See SSR 96-7p ("[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints...."); 20 C.F.R. § 404.1529(c)(3) (treatment is a proper factor for the ALJ to consider when evaluating the intensity and persistence of an individual's alleged symptoms); Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding that the ALJ properly noted claimant's conservative treatment as evidence to discredit his subjective complaints).

[12] Plaintiff testified that he was aware he was holding himself out as being able to work. (Tr. 31-32).

Furthermore, as shown above, the evidence of record provides substantial evidence to support the ALJ's credibility finding.  See Foote v. Chater, 67 F.3d 1553, 1662 (11th Cir. 1995) (an ALJ's clearly articulated credibility finding will not be disturbed when supported by substantial evidence).

## IV.    CONCLUSION

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of February, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record